## BOSTON INS. CO. v. CITY OF NEW YORK.
### No. 321.

Circuit Court of Appeals, Second Circuit.

July 8, 1942.

George Seagrave Franklin and William C. Chanler, Corp. Counsel, both of New York City (Martin Faust, of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This appeal turns upon whether the libellant proved those allegations of its libel which were in issue. The first of these was its incorporation which the answer denied and which the libellant did not attempt to prove. Although the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have not yet been extended to admiralty and we cannot therefore invoke Rule 9(a), the practice in admiralty is concededly extremely plastic and always has been so (E. I. Dupont de Nemours & Co. v. Vance, 19 How. 162, 15 L.Ed. 584) and it is legitimate to treat it as not immune to some of the changes in procedure elsewhere. Indeed, although the case did not involve the same facts, our decision in American Transportation Co. v. Swift & Co., 2 Cir., 24 F.2d 310, was as great a departure as is necessary here in order to hold, as we do, that if a respondent wishes to challenge the libellant's incorporation he must do more than merely deny any information about it. Upon that issue the judge was right not to require any proof, especially as the respondent appears not to have challenged the allegation on the trial.

Coming then to the other issues, the respondent expressly conceded that it had been "wholly at fault" for the loss of the barge which lifted the cargo (cargo loss as distinguished from hull damage being the subject matter of the suit at bar). Thus there remained no issues except whether the libellant had insured the loss of the Champion Coal Company and whether it had paid that loss; on

which depended its right to sue in subrogation. Not only did the libellant offer only a carbon copy of the policy without attempting to account for its failure to produce the original, but it did not even identify the copy which it produced, or prove that an original had ever been executed. The copy itself was not signed, and the nearest approach to authentication of any of the accompanying papers was a request for insurance on behalf of the Champion Coal Company, purporting to be signed in the name of "E. T. Peterson," on a blank of "Carpinter & Baker's Agency." It nowhere appeared who "Peterson" was, or, whoever he was, that he in fact signed the application; or what connection "Carpinter & Baker" had with the libellant, or with the Champion Coal Company.

Again, as to the libellant's payment of the loss the only evidence was two cheques, one for $800 and the other for $2,036.89, each purporting to be signed by Carpinter & Baker by two of its officers, none of the signatures being authenticated. To the cheque for $800, which was in favor of Merritt-Chapman & Scott Corporation, was attached what purported to be the last sheet of a bill of the payee who apparently had raised the barge, at the bottom of which was the legend that the total charge of $3,193.97 had been compromised for $800. This sheet had the Merritt Company's receipt stamped upon it, by a signature which was not authenticated. The cheque for $2,036.89 was to the order of the Champion Coal Company. Each cheque bore a stamped endorsement of the payee and another of the clearing house, neither of which was authenticated. As in the case of the policy itself, no evidence connected these cheques with the libellant; nor did it appear why the libellant or the Champion Coal Company could charge the respondent with the payment to the Merritt Company, or that the Merritt Company's bill was due, or that its settlement was good as against the respondent.

It is true that we are not disposed to be unduly solicitous as to the precise rules of evidence in admiralty, but it was not consistent with substantial protection of the respondent's right to overlook such vital omissions. The case was one which demonstrates the advantage which might have come from a pre-trial hearing, upon which most of the gaps in the evidence which force us to reverse the decree would probably have been filled.

Decree reversed and cause remanded, but for trial only of the following issues: (1) In what amount the libellant was liable to the Champion Coal Company as underwriter of the lost cargo; (2) in what amount, if any, the libellant as underwriter was liable to the Champion Coal Company, and the respondent was liable to the Champion Coal Company, for the charges of the Merritt-Chapman & Scott Company; (3) how much the libellant, as underwriter, of the cargo, paid to the Champion Coal Company; (4) how much the libellant, as underwriter of the Champion Coal Company, paid to Merritt-Chapman & Scott Company of the charges of that company. No costs on this appeal.

Decree reversed.