## BROWN v. ISTHMIAN STEAMSHIP CORPORATION.

### No. 119.

United States District Court
E. D. Pennsylvania.

July 26, 1948.

Stark & Goldstein, of Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, of Philadelphia, Pa., for respondent.

KIRKPATRICK, District Judge.

The single question upon which both the above motions depends is:

Has a party to a suit in admiralty the right to take the testimony of the other party by deposition upon oral examination for the purpose of discovery?

The Admiralty Rules promulgated by the Supreme Court, 28 U.S.C.A. as revised, provide for written interrogatories to be answered under oath by a party. Admiralty Rule 31 covering this point is a counterpart of Rule 33 (as originally adopted) of the Federal Rules of Civil Procedure, 28 U.S.C.A. However, there is no admiralty rule corresponding to Rule 26 of the Federal Rules of Civil Procedure, which authorizes oral examination of a party before trial for the purpose of discovery, or providing for such procedure in express terms.

In the absence of a rule, "modes of proceeding in suits * * * of admiralty * * * shall be according to the principles, rules, and usages which belong to courts * * * of admiralty * * *", 28 U.S.C.A. § 723;[1] United States Revised Statutes § 913; Mar. 3, 1911 c. 231, § 291, 36 Stat. 1167.

The libellant argues that pre-trial discovery by oral examination of a party has never been a mode of proceeding according to the usages of the courts of admiralty. So far as I know, it has not been used in this Court and no instance of its use has been called to my attention.[*] However, it seems plain that the Supreme Court, when it promulgated the Admiralty Rules, must have considered that this mode of procedure was available to parties in admiralty

---

[1] Now 1948, 28 U.S.C.A. § 2073.

[*] The only case cited on the point is Havrisko v. United States, D.C., 68 F. Supp. 771. In that case the judge "disregarded" the question now before me. It is not clear whether he did so because the matter was not properly brought before him or whether he meant to say that no right to examine an adverse party before trial existed in courts of admiralty. If the latter, then I find myself unable to follow the decision.

702

and was in accordance with the usages of admiralty courts. Rule 32C of the Admiralty Rules is entitled "Refusal to Make Discovery—Consequences" and it provides "If a party * * * refuses to answer any question propounded upon oral examination * * *" and then goes on to fix penalties for such refusal. It is inconceivable that the Supreme Court, by means of the elaborate and detailed terms of Rule 32C would have given a suitor in admiralty a method of enforcing a right that did not exist. It seems to me out of the question to impute a solecism of this kind to the Court and the distinguished group of admiralty lawyers who advised with the Court in drafting the Rules. That, however, would be the only alternative were I to hold that the procedure was not according to the usage of courts of admiralty.

The respondent's motion is granted.

The libellant's motion is denied.