## UNITED STATES v. GREEN.

No. 14244.

United States District Court

E. D. Pennsylvania.

Aug. 4, 1948.

W. A. Gay, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

William A. Robbins, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendant was tried before me without a jury on March 15, 1948, for unlawfully using the mails in furtherance of a scheme to defraud. 18 U.S.C.A. § 1341. The evidence indicated that defendant conducted a business selling installments of stories of dubious literary value to many residents in North Philadelphia. His modus operandi was simple: sample initial installments were distributed in the neighborhood and a few days later followed up by personal salesmanship. Readers were to pay fifteen cents for each installment when it was delivered, three times a week. At times, when the men who delivered the copies and collected the amounts due were unable to find the subscribers in or to furnish the exact installment wanted, defendant would mail the installments instead. The use of the mails which form the specific charges in the two counts of the indictment occurred in this manner. Defendant or his agents represented to potential readers that premiums could be selected by them after 97 copies of his publications had been taken and paid for and that premiums would be delivered after one hundred and seventy-nine copies had been purchased. A list of premiums was set forth in a contract which each subscriber signed at the time the agreement was entered into. As a matter of fact, a great many subscribers never received any premiums at all, although they had purchased the requisite number of weekly installments. When they inquired about the premiums or requested delivery defendant managed to put them off in one way or another; e.g., he told some to purchase more installments to get better premiums and others that he was temporarily out of stock, but to return in a few months time. A representative number of irate

subscribers who had received no premiums so testified at the trial.

Defendant has moved for judgment of acquittal, pressing two contentions: that no fraudulent scheme existed, and, alternatively, even if it did, that the mails were not used in furtherance of it. More particularly, his first argument is that at the time the mailings which are charged in the indictment occurred he had devised no scheme to defraud, which the use of the mails could further. Defendant testified that his failure to deliver premiums was due to general business conditions and shortages, intensified by the war. He maintained that many customers did get their premiums, and that economic difficulties, not fraudulent intent, prevented him from fulfilling all his obligations. However, from all the evidence in the case, I am convinced beyond a reasonable doubt that defendant did devise a scheme to defraud prior to the mailings for which he was indicted, and so find as a fact.

Secondly, defendant argues that in any event the use of the mails was not in furtherance of the scheme, but was incidental and at the request of the customers. This is a closer question, but I am convinced beyond a reasonable doubt from the evidence in the case that the mailings charged in the indictment were in furtherance of the scheme and so find as a fact. Defendant had been in this sort of business before and had encountered difficulties with purely manual distribution when customers had not been in. The testimony of others at the trial indicated that the subscribers named in the indictments were not the only ones who received installments through the mails. It is true that the scheme undoubtedly contemplated manual delivery as the chief means of getting stories to the subscribers, if only to insure collection of the moneys due. But the use of the mails enabled defendant to keep his scheme running smoothly.

Accordingly, therefore, after considering all the evidence, the motion for judgment of acquittal is denied and I find the defendant, Reuben Green, guilty of counts one, two and three of indictment No. 14244, in manner and method, as charged.