The EDMUND FANNING.

Petition of UNITED STATES.

Petition of ISBRANDSTEN CO., Inc.

United States District Court
S. D. New York.

Oct. 17, 1949.

896

Lord, Day & Lord, New York City, for petitioner Isbrandtsen Co., Inc.

Dow & Symmers, New York City, John F. X. McGohey, U. S. Attorney, Hill, Rivkins & Middleton, Bigham, Englar, Jones & Houston, Fink & Young, Alfred M. Shafter, Jacob Rassner, Harry Eisenberg, Emanuel Friedman, Stanley S. Green, William L. Standard, Benjamin B. Sterling, O'Brien, Driscoll, Raftery & Lawler, New York City, Kernan & Kernan, Utica, David T. Walsh, New York City, for various claimants.

RYAN, District Judge.

This is a proceeding for limitation of liability. More than 200 claims have been filed. Various cargo claimants and personal injury and death claimants seek to examine orally, under Rule 32C Admiralty Rules, 28 U.S.C.A., one M. S. Crinkley, Vice-President of Isbrandsten Company (one of the petitioners), not only for the purpose of discovery and inspection, but as an adverse party before trial.

Isbrandsten moves to strike the notice of deposition and to vacate the subpoena served on Crinkley, upon the ground that under Admiralty Rules such oral examination of an adverse party is not permitted.

We have previously held that an oral deposition may be taken under Rule 32C for the purpose of discovery. Bunge Corp. v. S/S Ourania Gounaris, 1949 A. M. C. 744. Although "Admiralty Rules 31, 32 and 32C(b) (2), * * * are to be construed in harmony with F.R.C.P. Rules 26, 30, 33 and 34, 28 U.S.C.A." Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370, 372, examinations had under these rules may not be extended so as to result in a general oral examination of an adverse party before trial; they must be confined "to inquiries to aid in the preparation for trial." Rule 32 has been construed to "embrace(s) situations where the documents sought 'contain evidence material to any matter involved in the action.' The right of discovery under this rule is not restricted to documents which are competent as evidence, if they contain facts which may be the source of information that would be admissible at the trial. Hickman v. Taylor, 3 Cir., 153 F.2d 212, 218, affirmed 329 U.S. 495, 67 S.Ct. 385 [91 L.Ed. 451]." Bank Line v. United States, 2 Cir., 163 F.2d 133, 137.

Nor does Rule 44 which although slightly rephrased, has been in existence for many years, authorize a general oral examination before trial.

Examination is limited as herein indicated. Motion to vacate subpoena denied.