## MULLIGAN v. UNITED STATES et al.

United States District Court
S. D. New York.
Oct. 24, 1949.

Alexander D. Sioris, New York City, proctor for libellant.

Bigham, Englar, Jones & Houston, New York City, proctors for respondents, John J. Martin, New York City, of counsel.

RIFKIND, District Judge.

In this action, which is in admiralty, respondents move for an order vacating libellant's notice to take the deposition upon oral examination of officers, agents, and employees in charge of the steamship Daniel Hiester, for purpose of discovery. The question presented is whether the practice in admiralty authorizes such discovery procedure.

Unlike the Federal Rules of Civil Procedure, rule 26, 28 U.S.C.A., the Admiralty Rules, 28 U.S.C.A., do not explicitly authorize discovery by oral examination. Nevertheless, two district judges have permitted the practice. Brown v. Isthmian Steamship Corporation, D.C.E.D.Pa.1948, 79 F.Supp. 701; Bunge Corporation v. Steamship Ourania Goumaris,[1] S.D.N.Y., 1949. Both found their authority in the implications of Admiralty Rule 32C which provides sanctions against "a party or other deponent [who] refuses to answer any question propounded upon oral examination". Judge Kirkpatrick said, "It is inconceivable that the Supreme Court, by

means of the elaborate and detailed terms of Rule 32C would have given a suitor in admiralty a method of enforcing a right that did not exist" although he acknowledged that the practice was unknown to him and that no instance of its use had been brought to his attention. Brown v. Isthmian Steamship Corporation, supra [79 F. Supp. 702].

The Federal Rules of Civil Procedure became effective in 1938. In 1939 the Admiralty Rules were revised and several provisions of the Rules of Civil Procedure were incorporated verbatim into the admiralty practice: Admiralty Rule 31, on interrogatories to parties was thus transplanted from Civil Rule 33; Admiralty Rule 32, on discovery and production of documents and things for inspection, copying, or photographing reproduced Civil Rule 34; Admiralty Rule 32A, on physical and mental examination of persons repeated Civil Rule 35; Admiralty Rule 32B, on admission of facts and genuineness of documents was identical with Civil Rule 36. Civil Rule 37, providing for the consequence of refusal to answer on oral examination, on written interrogatories, after court order, etc., was also incorporated with no significant change into the Admiralty Rules as Rule 32C.

Significant is the omission from the Admiralty Rules of a provision corresponding to Civil Rule 26(a) which expressly establishes the practice of deposition upon oral examination for the purpose of discovery or for use as evidence. The omission of so important a provision could hardly be accidental.

Three possible explanations present themselves. One is that the right to oral examination for purposes of discovery was such an established part of admiralty practice that explicit provision for it was deemed unnecessary by the revisers of the Admiralty Rules. Such an explanation does not accord with the facts of history.[2] 3 Benedict on Admiralty, 6th Ed., 1940, 34.

A second explanation is that oral examination for purposes of discovery was not used in admiralty and the revisers did not intend to introduce this feature of the new

---

1. No opinion for publication.

2. It does not seem plausible that the revisers intended that the existence of the

right was to be implied solely from the fact that provision was made for the consequences of refusal to answer. The

Civil Rules into admiralty procedure. Under this theory, the language in Rule 32C which refers to oral examination is an oversight on the part of the draftsmen who, when incorporating Rule 37 of the Civil Rules, neglected to prune out the inapplicable language.

A third explanation is that the revisers did not intend to authorize oral discovery proceedings and that the reference in Rule 32C to oral examinations relates to the kind of oral examination which is authorized in admiralty, namely, de bene esse depositions under 28 U.S.C.A. § 639 (pre-revision designation).[3] This explanation, it is true, gives to the words of 32C a different content than the same words have in Civil Rule 37. But there is no reason why they should have the same. The advantage of this reading is that it overcomes the necessity of attributing to the revisers of the Admiralty Rules either a historical inaccuracy or the careless inclusion in 32C of the inapplicable language borrowed from Civil Rule 37.

That part of libellant's notice which calls for deposition upon oral examination for purposes of discovery is vacated.

revisers thought it necessary in the cases of written interrogatories, discovery and inspection of documents, physical and mental examination of persons, admission of facts and genuineness of documents, to provide express authorization for each procedure despite the fact that Rule 32C provided for the consequences of refusal to submit to the several procedures.

3. The editors of 28 U.S.C.A. (pre-revision) carry a note under § 639 which reads in part as follows: "This section only applies to proceedings in Admiralty, Bankruptcy, and Copyright. For all other actions it has been modified, broadened, and incorporated in Rules 26 et seq. of the Federal Rules of Civil Procedure, * * *."