United States District Court
N. D. Ohio, E. D.
Jan. 29, 1951.

### Application of A. PELLEGRINO & SON. Inc.

United States District Court
S. D. New York.
Nov. 20, 1950.

210

Haight, Deming, Gardner, Poor & Havens, New York City, for Waages Tankrederi.

Purdy, Lamb & Catoggio, New York City, for A. Pellegrino & Son, Inc.

RYAN, District Judge.

A. Pellegrino & Son, Inc., which is not joined as a party in this libel filed in admiralty, moves to quash a subpoena duces tecum to appear for examination as a witness in advance of trial in that suit, served upon it by Waages Tankrederi, a respondent, under Local Admiralty Rule 46.

Although a witness, not a party, may not be personally represented by a proctor during the taking of his deposition, he cannot be denied the right to move to quash an invalid or oppressive subpoena.

Pellegrino is located in the Eastern District of New York, within 100 miles of the courthouse of the Southern District, where this trial will be had; its officer, who was served, resides within that area. Section 639, old Title 28 of the Code, has not been repealed by the revision of Title 28, 28 U.S.C.A. note preceding section 1781, Mercado v. United States of America, 2 Cir., 1950, 184 F.2d 24. It is argued that the scope of Local Admiralty Rule 46 is still limited by Section 639.

Respondent urges that this restriction applies to the use of the deposition on trial, and not to the taking of it; and that, although it may not use the deposition as evidence on trial, it is not restricted from taking it for purposes of discovery. Respondent quite frankly states that it intends to implead Pellegrino in the pending suit, but only after the taking of its deposition. This disclosed purpose, alone, would not prevent it from taking the depposition.

Local Admiralty Rule 46 was adopted pursuant to the authority delegated to the District Courts by the Supreme Court Admiralty Rule 44, 28 U.S.C.A. By Rule 46, the taking and use of depositions in Admiralty is governed by the federal rules of civil procedure, except that the use of them is limited as specified. Although their use on trial is still limited by this local rule and by Section 639, old Title 28, the deposition of a witness may now be taken in admiralty for purposes of discovery, even though it may not be used on trial.

Motion to quash subpoena denied.