## LUDENA v. THE SANTA LUISA et al.

United States District Court
S. D. New York.

Feb. 19, 1951.

Harry D. Graham, New York City, for Libellant.

Kirlin, Campbell, Hickox & Keating, New York City, for claimant Grace Line, Inc.

McGOHEY, District Judge.

Libellant having refused to appear for examination pursuant to a notice, the claimant moves under Local Admiralty Rule 46 and Admiralty Rule 32C, 28 U.S.C.A., for an order directing her to appear.

Under the decisions of this court in Mulligan v. United States [1] and The Edmund Fanning,[2] the motion would fail if sought only under Rule 32C.

Libellant argues that Local Admiralty Rule 46 does not by its terms authorize such an order. In this she is clearly wrong. She further urges that if the rule be interpreted to authorize pretrial oral examination it is invalid. The only decision on the rule which is cited, or of which I am aware, is to the contrary.[3] The Court of Appeals in refusing to issue mandamus or prohibition to Judge Holtzoff, did not pass on the validity of the rule.[4] Nor did it do so in Mercado v. Unit-

1. D.C.S.D.N.Y., 87 F.Supp. 79.

2. D.C.S.D.N.Y., 88 F.Supp. 895.

3. Republic of France v. Belships Co., Ltd., Skibs A/S, D.C.S.D.N.Y., 91 F.Supp. 912. The Edmund Fanning, note 2 supra, and Mulligan v. United States, note

1 supra, were decided before the adoption of Local Admiralty Rule 46. Judge Rifkind, who decided the latter case, was on the committee which drafted the rule.

4. Belships Co., Ltd., Skibs A/S v. Republic of France, 2 Cir., 184 F.2d 119.

ed States,[5] decided shortly before. The latter decision, so far as here material, held only that it was error to receive a deposition as evidence, in the absence of compliance with the requirements of the de bene esse statutes.

Libellant presses on the court that Local Admiralty Rule 46 is a violent departure from established admiralty practice. 3 Benedict on Admiralty 34, (6th ed. 1940) says "An admiralty deposition * * * may not be taken for the purpose of discovery" and cites Mathews v. United States[6] and The Morro Castle.[7] But Judge Byers in the first case did not, it seems to me, pass on that point at all. Rather the decision went on want of a showing of good cause for an order requiring production of demanded documents. In The Morro Castle Judge Patterson, it is true, indicated some doubt whether "general oral examination before trial of an adversary's officers and agents is permissible at all in admiralty cases * * *." But he decided no more than that it was not, before issue was joined.

The Court of Appeals for the Third Circuit has lately considered this question.[8] The opinion by District Judge Fee, who sat as a member of the court, after extensively reviewing the history of Admiralty practice, states in 184 F.2d at p. 784: "The conclusions which are to be drawn from this resume of the practices of the Admiralty Courts is that discovery from a party before trial was always a permissible practice, but that there was a shift of emphasis wherein the personal response of the party to the positions of the libel or answer fell into disuse and the practice of searching the conscience by written interrogatories had vogue for a time. But there was always opportunity at the court's discretion to take testimony by word of mouth."

These views seem irreconcilable with Judge Rifkind's views on Admiralty's his-

torical powers[9] which were accepted by the Court of Appeals in Mercado v. United States.[10] Reconciliation of these views is not necessary here. Neither is a choice between them, even if this court were free to make it. In the Mercado case, the Court of Appeals noted Local Admiralty Rule 46 which had been but recently adopted. While it did not pass on its validity, neither did the court criticize or cast doubt on its validity. Accordingly, I hold the rule valid. Of course, I do not decide more than is before me, namely, the authority to order the libellant to appear for examination. Questions as to the use of the deposition at the trial have not been considered and are not passed upon.

The motion is granted.

Settle order.

---

5. 2 Cir., 184 F.2d 24. Two of the judges here sat in the Beiships case.

6. D.C.E.D.N.Y., 5 F.Supp. 622.

7. In re Agwi Nav. Co., D.C.S.D.N.Y., 9 F.Supp. 501.

8. Dowling v. Isthmian S. S. Corp., 3 Cir., 184 F.2d 758.

9. Mulligan v. United States, note 1 supra.

