**H. Leslie ATLASS, Petitioner,**

v.

**Hon. Julius H. MINER and Hon. Edwin A. Robson, Judges of the United States District Court for the Northern District of Illinois, Respondents.**

No. 12516.

United States Court of Appeals
Seventh Circuit.

March 31, 1959.

---

Edward B. Hayes, Warren C. Ingersoll, Chicago, Ill., for petitioner.

Robert W. MacDonald, Chicago, Ill., for respondent.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

We have before us the petition of H. Leslie Atlass for the issuance of a writ of mandamus or prohibition to be directed to the Honorable Julius H. Miner and the Honorable Edwin A. Robson and any other Judge of the United States District Court for the Northern District of Illinois, prohibiting the enforcement of an order entered by Judge Miner directing petitioner and others to submit to oral discovery deposition in an admiralty proceeding now pending in the district court.

The proceeding below is entitled, "In the Matter of the Petition of H. Leslie Atlass for exoneration from or limitation of liability as owner of a certain vessel known as Yacht Sis", in the United States District Court for the Northern District of Illinois and there numbered 57 C 722. This proceeding was first assigned to Judge Miner who, after hearing oral argument on the motion of certain claimants and petitioner's objections thereto, on November 24, 1958, entered an order granting the movants leave to take the depositions of petitioner and others named therein. The cause was subsequently reassigned to Judge Robson before whom it is now pending. The order of November 24, 1958 is under attack in the present petition. In answer to a rule to show cause the respondents have filed their response and memorandum.

■■ At the outset it can be said that we agree with respondents that mandamus and prohibition are extraordinary remedies and should be reserved only for the most extraordinary causes. This court has been slow to resort to these remedies in the exercise of its supervisory powers over the district courts and we have been unwilling to allow their use as a substitute for appeal. Ex Parte Fahey, 1947, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041. However, believing as we do that the critical issue raised at this juncture strikes at a fundamental procedural question, to await its determination until the hearing of an appeal on the merits of the case would afford a clearly inadequate remedy. Further, the resolution of this question will affect procedure in all admiralty proceedings in the Northern District of Illinois and may serve to avoid a conflict in the district courts of this circuit. Since we are here concerned with the rule-making power of the district courts, our present consideration may likewise serve to crystallize this problem and afford a clear opportunity for its further review if such is found to be necessary. Accordingly, we shall determine this petition on its merits. See Roche v. Evaporated Milk Association, 1943, 319 U.S. 21, 31, 63 S.Ct. 938, 87 L.Ed. 1185; McCulloch v. Cosgrave, 1940, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992; Los Angeles Brush

Mfg. Co. v. James, 1927, 272 U.S. 701, 705, 47 S.Ct. 286, 71 L.Ed. 481.

The motions of the claimants below on which the order of November 24, 1958 was based recited in part:

"FOR AN ORDER, *pursuant to Admiralty Rule 32 and Rules 26, 28 and 30 of the Federal Rules of Civil Procedure* [28 U.S.C.A.], granting the claimant and complainant leave to take the oral depositions of H. Leslie Atlass, * * *, material witnesses herein, *for the purposes of discovery only, * * *.*" (Our emphasis.)

Respondents contend that the words "Admiralty Rule 32" in the foregoing motion refer to District Court Admiralty Rule 32, rather than Supreme Court Admiralty Rule 32 as petitioner urges, and we shall accept this interpretation in our subsequent consideration of this matter.

The District Court for the Northern District of Illinois has adopted thirty-three Admiralty Rules covering various phases of admiralty practice. Among these is Rule 32 which provides:

"The taking and use of depositions of parties and witnesses shall be governed by the Federal Rules of Civil Procedure except as otherwise provided by statute and except that their use shall be limited as hereinafter set forth. * * *." (Here follow the provisions relating to the use of depositions.)

■ The ultimate question before us for determination relates to the validity of this rule. Does the district court have the power through adoption of this rule to require a party in an admiralty proceeding to submit to oral discovery deposition?

Rule-making power generally is vested in all federal courts by Congress pursuant to 28 U.S.C.A. § 2071. Congress has given authority to the Supreme Court of the United States to make admiralty rules for the district courts in 28 U.S.C.A. § 2073, which provides in part as follows:

"The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions and the practice and procedure in admiralty and maritime cases in the district courts of the United States and all courts exercising admiralty jurisdiction in the Territories and Possessions of the United States."

Certainly one of the purposes the Congress must have intended was to achieve uniformity in admiralty practice and procedure:

"The admiralty and maritime jurisdiction being, by the Constitution, entirely transferred from the States to the general government and made a purely Federal jurisdiction, of limited extent and peculiar character, it was from the outset deemed desirable that it should be uniform throughout the States, * * *." 2 Benedict, Admiralty 2 (6th Ed. 1940).

Under authority of 28 U.S.C.A. § 2073, the Supreme Court has from time to time promulgated Rules of Practice in Admiralty and Maritime Cases, the present rules having been put into effect on March 7, 1921. See Title 28 U.S.C.A. It is undisputed that such rules have the force of statute.

The Supreme Court has authorized the district courts to make local admiralty rules pursuant to its Admiralty Rule 44, which provides:

"In suits in admiralty in all cases not provided for by these rules or by statute, the District Courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, *provided the same are not inconsistent with these rules.*" (Our emphasis.)

Respondents here contend with much persuasiveness that their local District Court Admiralty Rule 32 was promulgated and fully authorized by Congress and the Supreme Court by virtue of 28 U.S.C.A. § 2071 and § 2073, and Supreme

Court Admiralty Rule 44. It will be noted in this connection that local District Court Admiralty Rule 32 by its express terms adopts the Federal Rules of Civil Procedure.

In adopting the Federal Rules of Civil Procedure, 28 U.S.C.A., for the government of civil proceedings in the district courts, the Supreme Court prescribed the practice relating to depositions and discovery in Rules 26 to 37, inclusive. In Rule 81, the Supreme Court determined the general applicability of all of the Federal Rules of Civil Procedure and expressly limited their application in admiralty proceedings in the following language.

"Rule 81. Applicability in General.

"(a) To What Proceedings Applicable.

"(1) *These rules do not apply to proceedings in admiralty.* \* \*." (Our emphasis.)

It is conceded that the Supreme Court has not made any provision for the taking of oral discovery depositions in its Admiralty Rules. However, the Supreme Court has amended the present Admiralty Rules of 1921 on several occasions: In 1930, to direct that opinions upon trials of issues should find facts and state conclusions of law (Rule 46½); in 1932, to regulate the review by the court of a report by a commission (Rule 43½); and "most important of all, in 1939, to adopt seven of the Rules of Civil Procedure of 1938 relating to interrogatories, discovery, examination before trial, and scope of examinations and cross-examinations." 2 Benedict, Admiralty 2–3 (6th Ed. 1940). Thus, the Supreme Court, in their Admiralty Rule 31 (written interrogatories to parties), Rule 32 (discovery and production of documents), Rule 32A (physical and mental examination), Rule 32B (admission of facts and genuineness of documents) and Rule 32C (refusal to make discovery), adopted the identical text of Rules 33, 34, 35, 36 and 37, respectively, of the Federal Rules of Civil Procedure. *It did not amend its Admiralty Rules to adopt Rule 26, F.R.C.P.,*

*28 U.S.C.A. to provide for discovery by deposition.* It is not for us to guess or speculate why this provision was omitted, but discovery by deposition is all the more conspicuous by its absence.

In passing, it may be observed that in 1939 the Supreme Court further amended its Admiralty Rules by adopting Rule 46A (scope of examination and cross-examination) and Rule 46B (record of excluded evidence) by using the identical text of Rule 43(b) and (c), F.R.C.P., 28 U.S.C.A., respectively; and in 1942, by adopting Rule 44½ (pre-trial procedure; formulating issues) which states: "Rule 16 of the Rules of Civil Procedure shall be applicable in cases in Admiralty." The obvious effect of these bodily adoptions of specific Federal Rules of Civil Procedure is to give uniformity in these matters to practice and procedure in admiralty proceedings in all district courts.

The logical inference from this course of conduct on the part of the Supreme Court is that, if it had intended that discovery by deposition be permitted in district court admiralty procedure, it would have expressly authorized it when making its 1939 amendments. It is further significant that it did not leave the adoption of pre-trial procedure to local rule-making when it expressly made such a provision in 1942.

In reaching this conclusion we find ourselves in disagreement with the Third Circuit where, in Dowling v. Isthmian S. S. Corporation, 3 Cir., 1950, 184 F.2d 758, in an extended opinion by the learned Judge James Alger Fee (sitting as a district judge with the Third Circuit and now on the bench of the Court of Appeals for the Ninth Circuit), that court reached a contrary result. No local rule was involved in that case. The court upheld the right of the district court to order a *party* to submit to oral discovery based upon its determination that it was in accord with "common usage" in admiralty proceedings. The court indicated: "It is not intended by this discussion to say or even to intimate that such an order should be adopted in any particular case or that discovery should ever be al-

lowed. *The matter should be left to the determination of the admiralty judge.*" (Our emphasis.) (id. at page 787). In dicta, the court said that it felt the district court "could adopt a local regulation reinstating the old practice, since there has never been a specific Rule nor a statute upon the subject of examination of a party before trial." (Footnotes omitted.) (id. at pages 774–775) It is difficult for us to accept this reasoning persuasive as it is. If such a course were followed we would have an open invitation to a complete lack of uniformity in oral discovery by deposition in admiralty.

Judge Fee recognizes (at page 773) that "[t]here is a violent conflict among the ultra-modern opinions, written since the adoption of the recent statute and the amendments to the Admiralty Rules by the Supreme Court of the United States." The cases Judge Fee thus refers to are those which hold that the absence of a Supreme Court rule on oral discovery in admiralty is a limiting factor prohibiting such discovery. (Cases cited in footnote 44 of Judge Fee's opinion.) The author states that "[t]hese decisions will not be considered. * * * [T]he conclusions of these opinions should have been formulated in terms of empiricism rather than in terms of power of the court." Ibid. The opinion further recognizes the proper though limited use of depositions *de bene esse* which are provided for in admiralty proceedings only.[1] However, that court expressed the view that the *de bene esse* statute did not operate to the exclusion of other oral discovery by deposition.

Respondents argue that "if any inference can be drawn from the Admiralty Supreme Court Rules, it is clear under Supreme Court Rule 32C, the Supreme Court approved the propriety of taking discovery depositions in Admiralty." The following part of Rule 32C is cited as applicable:

"If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in the district where the deposition is taken for an order compelling an answer."

Respondents rely upon Brown v. Isthmian Steamship Corporation, D.C.Ed.Pa. 1948, 79 Supp. 701, in which the question presented was: "Has a party to a suit in admiralty the right to take the testimony of the other party by deposition upon oral examination for the purpose of discovery?" The court in that case noted the absence of a Supreme Court Admiralty Rule corresponding to Rule 26, F.R.C.P., but held that, although no instance of the use of this procedure in admiralty had been called to its attention, "it seems plain that the Supreme Court, when it promulgated the Admiralty Rules, must have considered that this mode of procedure was available to parties in admiralty and was in accordance with the usages of admiralty courts. * * * It is inconceivable that the Supreme Court, by means of the elaborate and detailed terms of Rule 32C would have given a suitor in admiralty a method of enforcing a right that did not exist." (id. at pages 701–702)

To the contrary, is another district court holding in Mulligan v. United States, D.C.S.D.N.Y.1949, 87 F.Supp. 79, 80–81. In this opinion, Judge Rifkind had precisely the same question before him. Taking cognizance of the ruling in Brown and that it was predicated on Admiralty Rule 32C, although it was "acknowledged [by the author of the Brown opinion] that the practice was unknown to him and that no instance of its use had been brought to his attention", and after noting the 1939 amendments to

---

1. The *de bene esse* act (R.S. 863–865) was formerly 28 U.S.C.A. §§ 639–641. It is now printed as a note preceding 28 U.S.C.A. § 1781 with the notation: "Former

sections 639–641 of Title 28 are applicable to admiralty proceedings only." See Mercado v. United States, 2 Cir., 1950, 184 F.2d 24, 27.

the admiralty rules by the Supreme Court (Rules 31, 32, 32A, 32B and 32C), the court goes on to say:

"Significant is the omission from the Admiralty Rules of a provision corresponding to Civil Rule 26(a) which expressly establishes the practice of deposition upon oral examination for the purpose of discovery or for use as evidence. The omission of so important a provision could hardly be accidental.

"Three possible explanations present themselves. One is that the right to oral examination for purposes of discovery was such an established part of admiralty practice that explicit provision for it was deemed unnecessary by the revisers of the Admiralty Rules. *Such an explanation does not accord with the facts of history.* 3 Benedict on Admiralty, 6th Ed., 1940, 34.

"A second explanation is that oral examination for purposes of discovery was not used in admiralty and the revisers did not intend to introduce this feature of the new Civil Rules into admiralty procedure. Under this theory, the language in Rule 32C which refers to oral examination is an oversight on the part of the draftsmen who, when incorporating Rule 37 of the Civil Rules, neglected to prune out the inapplicable language.

"A third explanation is that the revisers did not intend to authorize oral discovery proceedings and that the reference in Rule 32C to oral examinations relates to the kind of oral examination which is authorized in admiralty, namely, de bene esse depositions under 28 U.S.C.A. § 639 (pre-revision designation). This explanation, it is true, gives to the words of 32C a different content than the same words have in Civil Rule 37. But there is no reason why they should have the same. The advantage of this reading is that it overcomes the necessity of attributing to the revisers of the Admiralty Rules either a historical inaccuracy or the careless inclusion in 32C of the inapplicable language borrowed from Civil Rule 37." (Footnotes omitted.) (Our emphasis.)

The Second Circuit, in Mercado v. United States, 2 Cir., 1950, 184 F.2d 24, in an opinion by Judge Clark, gave approval to Mulligan in so far as it applied to the question in Mercado, which was whether an oral deposition not taken under the *de bene esse* statute was admissible in evidence, and adopted Judge Rifkind's reasoning. The court held that the reference to oral examination in Admiralty Rule 32C is only to that taken by virtue of the *de bene esse* statutes, which remain applicable in admiralty, and that depositions are not admissible in evidence except as provided in those statutes.

Judge Clark, now Chief Judge of that circuit, long active in the development of federal civil procedure, although of the view that the admiralty rules should encompass the broad discovery provisions of Rule 26, F.R.C.P., nevertheless adhered to the view that this should not be attempted through the judicial process. His views in this respect are well worth noting:

"*Nevertheless we are not directly a reform organization,* and under the usual ground rules for judicial action it is difficult to get away from Judge Rifkind's construction as a method of rationalizing the diverse provisions before us. *We are the more constrained to this regrettable conclusion because a doubtful extension of the civil rules in admiralty may cause more confusion than a clean-cut decision demonstrating the need of revision.* To our minds this case shows the desirability of making the civil rules directly applicable in admiralty (with of course such additions on peculiar subjects, such as limitation of liability, as may be needed) without the confusion and question which may follow from a recopying of parts. At the very least the adoption of the sub-

poena rule, F.R.C.P. 45(e), if not of the deposition rule, F.R.C.P. 26, seems a necessity. Meanwhile we are constrained to hold that the reference to oral examination in Admiralty Rule 32C is only to that taken by virtue of the *de bene esse* statutes which remain applicable in admiralty, and that depositions are not admissible in evidence except as provided in those statutes. * * *." (Our emphasis.) (id. at page 29)

The opinion further noted the adoption of a local admiralty rule in the Southern District of New York (as has been done in a few other districts) with this observation:

"Thus, by chance rather than design, there has developed a quite troublesome, though rather unnecessary, question of practice, as the judges in the Southern District have recognized by attempting to correct it so far as they can by recent local rule.[2] We are tempted to cut the Gordian knot by forthrightly applying the modern federal practice as we have done in substance in other cases. * * *." id. at pages 28–29.[2]

The court did not pass on the validity or invalidity of this local rule since the rule was not before it.

Two district judges sitting in the Southern District of New York have taken a position of supporting local Admiralty Rule 46 of that district. In Republic of France v. Belships Co., Limited, Skibs A/S, D.C.S.D.N.Y.1950, 91 F.Supp. 912, Judge Holtzoff held that such local admiralty rule was valid, and that it was not inconsistent with Supreme Court Ad-

miralty Rule 46[3] nor with the *de bene esse* statute. A writ of mandamus and prohibition was denied *per curiam* in that case by the Second Circuit, 1950, 184 F.2d 119, the court holding that, although it had the authority to issue the writ in such a case, it did not elect to do so since the witnesses had their own remedy if they were improperly subpoenaed and because their testimony had not been and might never be offered in evidence at the trial.

In Ludena v. The Santa Luisa, D.C. S.D.N.Y.1951, 95 F.Supp. 790, Judge McGohey held the same local Admiralty Rule 46 to be valid. He relied upon Judge Fee's opinion in Dowling v. Isthmian S. S. Corporation, supra. In so doing he stated: "These views seem irreconcilable with Judge Rifkind's views on Admiralty's historical powers which were accepted by the Court of Appeals in Mercado v. United States [supra]. Reconciliation of these views is not necessary here. Neither is a choice between them, even if this court were free to make it. In the Mercado case, the Court of Appeals noted Local Admiralty Rule 46 which had been but recently adopted. While it did not pass on its validity, neither did the court criticize or cast doubt on its validity. Accordingly, I hold the rule valid." (Footnotes omitted.) (id. at page 791) The court did not pass upon the use of the deposition at the trial. There was no review of this holding by the Second Circuit.

It is not necessary here to dwell upon the broad question of the right to take depositions generally. Neither have we attempted the citation of the many authorities relating to the rule-making powers of the courts, nor other district

---

2. In footnote 2 to the text of his opinion, Judge Clark pointed out: "Local Admiralty Rule 46 of the United States District Court for the Southern District of New York, adopted May 10, 1950, provides that the taking and use of depositions shall be governed by the Federal Rules of Civil Procedure except that their use as evidence shall be under three stated conditions which, so far as the present situation is concerned, coincide with

those of the *de bene esse* statute. The court properly hesitated to go further, since only the Supreme Court has the authority to supersede statutes. 28 U.S. C.A. § 2073 supra."

3. Supreme Court Admiralty Rule 46 provides in part: "In all trials in admiralty the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute, or agreement of parties."

court decisions more akin to the problem at hand. We have said enough to illustrate the conflicts and confusion which have arisen as to historical practices and procedures in admiralty and the attempts to fill in the gaps by judicial decree and local rules. Apparently, no Court of Appeals has determined this question in its relation to a local district court admiralty rule. This explains our feeling that we should do so, reluctant as we are to employ an extraordinary remedy for this purpose.

Fundamentally our determination of this issue must turn upon the nature of our approach to the solution of the problem. We could with good reason adopt a liberal attitude and say that oral discovery by deposition is recognized and properly used with good results in civil matters, and that it would serve litigants to the same advantage in admiralty. Or, we could say, with equal persuasion, that it is not for us to determine what is desirable in admiralty practice and procedure; and that, if discovery depositions are to be authorized, this can be brought about clearly and expeditiously by the simple method provided by statute.

"An admiralty deposition may only be taken for the purpose of securing evidence; it may not be taken for the purpose of discovery. For the present, the Federal Civil Rules in this respect are more liberal than the admiralty rules, which reverses the historic situation. It is to be hoped that Congress may by legislation permit the Supreme Court to promulgate the substance of Civil Rule 26(a) as an admiralty rule." (Footnotes omitted.) 3 Benedict, Admiralty 34 (6th Ed. 1940).

However desirable we may think discovery by oral deposition in admiralty may be, we are firm in our conclusion that such a result should be reached through the legislative process rather than by judicial determination. The temptation to legislate by judicial pronouncement is ever present and some may argue is all to frequently employed. The plain and simple course here is by Supreme Court amendment with Congressional sanction. As long as it shall be the legislative policy that civil rules shall not apply in admiralty, except as they are made applicable by the method indicated, we believe that to circumvent the legislative process through local rule-making power is, in this instance, unwise and may lead to confusion and lack of uniformity and is beyond the power of the local district court.

Summarizing our position, the Federal Rules of Civil Procedure generally do not apply in admiralty. The Supreme Court has the power to make admiralty rules for the district courts. The district courts are authorized to make local admiralty rules not inconsistent with the Supreme Court Admiralty Rules. The Supreme Court has not seen fit in its admiralty rules to authorize oral discovery by deposition. Although the Supreme Court has not by rule prohibited the taking of such discovery by deposition, yet it must have had this provision before it when making its 1939 amendments leading to the adoption of most of the other discovery practices in the Federal Rules of Civil Procedure. We are compelled to draw the inference that the local admiralty discovery rule is inconsistent with the Supreme Court Admiralty Rules. To quote again from Judge Clark: "We are the more constrained to this regrettable conclusion because a doubtful extension of the civil rules in admiralty may cause more confusion than a clean-cut decision demonstrating the need of revision." Mercado v. United States, supra 184 F.2d at page 29.

We hold that the local Admiralty Rule 32 of the District Court for the Northern District of Illinois is invalid. The writ of mandamus and prohibition prayed for by petitioners will issue, directing Judge Miner to vacate his order of November 24, 1958 which granted claimants leave to take the depositions of petitioner and others, and prohibiting Judge Robson and any other Judge of the United States Court for the Northern District of Illinois to whom this cause may be assigned from enforcing the same.