**Petition of GREAT LAKES TOWING COMPANY, for exoneration from or limitation of liability as owner of THE Tugs ILLINOIS and ARKANSAS, etc.**

**No. 5-60-Civ-18.**

United States District Court
D. Minnesota,
Fifth Division.
June 16, 1960.

---

Patrick J. Lyons, Roger W. Spencer, Duluth, Minn., and Harney B. Stover, Jr., Milwaukee, Wis., for petitioner.

William P. Van Evera, Duluth, Minn., for respondent Geotas Compania de Vapores, S. A.

DEVITT, Chief Judge.

This is a petition in admiralty for exoneration or limitation of liability for damages occasioned by a collision in Duluth Harbor on September 15, 1959.

The tugs Illinois and Arkansas, owned by the petitioner, were assisting the Liberian steamer, George S, to dock when, allegedly as a result of the negligence of the tugs, the George S was permitted to drift uncontrollably downwind and to strike the Omaha Dock amidships. Damages of $190,003.60 are claimed by the respondent, owner of the George S.

The immediate issue is whether the Court has authority to permit the respondent, over objections, to take oral depositions from the crew members of the two tugs and from other employees of petitioner.

The Federal Rules of Civil Procedure do not apply to proceedings in admiralty. Rule 81, F.R.Civ.P., 28 U.S.C.A. Thus, while the taking of pre-trial oral depositions of adverse parties and witnesses is a recognized and common practice under Rule 26 of the Federal Rules of Civil Procedure in the federal law courts, the same is not true in the admiralty courts, and the claimed authority to do so is seriously questioned.

The United States Supreme Court, by authority of 28 U.S.C. § 2073 (1952) has promulgated a set of rules for practice in admiralty. The present rules have been in effect since 1921, and have been amended periodically. Adm.Rules, 28 U.

S.C.A. (1950). Admiralty Rule 44 permits the district courts to regulate local practice more minutely by promulgating their own rules, which must not be inconsistent with the Supreme Court rules. No local rules have been adopted in this district, but that fact is not significant in view of the conclusion here reached.

There is no Supreme Court Admiralty Rule which authorizes depositions by oral examination. There is a rule providing for written interrogatories, Rule 31. There may be discovery and production of documents, Rule 32, as well as physical and mental examinations of persons, Rule 32A. Provision is made for admissions of fact and genuineness of documents, Rule 32B. These rules are all very similar to the corresponding Federal Rules of Civil Procedure, Rules 33–36.

That the Supreme Court has adopted many of the Federal Rules of Civil Procedure dealing with discovery, and has not adopted Rule 26, treating of depositions by oral examination, indicates an intentional omission and a purpose to withhold that commendable pre-trial tool from the proctor's kit.

The Courts of Appeals hold divergent views on this question. The late Judge Fee, sitting in the Third Circuit, held in Dowling v. Isthmian S. S. Corp., 1950, 184 F.2d 758, that the admiralty court had power to compel a party's oral answer to questions regarding matters involved in a libel. More recently our neighboring Seventh Circuit, in Atlass v. Miner, 1959, 265 F.2d 312, held that an admiralty court did not have the power, even through adoption of a local rule so providing, to require a party to submit to oral discovery deposition. This is the better view. It reflects the clear intent of the Supreme Court, in adopting and periodically amending the admiralty rules, to intentionally omit from them the grant of power to compel oral depositions. The withholding of the power is its denial.

Atlass v. Miner is now on appeal to the United States Supreme Court, and soon the law should be decisive.*

Although respondent's proctor urges the authority to take the requested depositions *de bene esse,* see note, "Depositions in Admiralty Cases," preceding 28 U.S.C. § 1781 (1952); Mercado v. United States, 2 Cir., 1950, 184 F.2d 24, 27, I am satisfied that, since these witnesses admittedly all live in the Duluth area and will continue to be available, the *de bene esse* foundation has not been established.

The Court has signed an order suppressing the taking of depositions.

---

\* [Since rendition of this opinion the Supreme Court handed down its decision, 80 S.Ct. 1300.]