## KELLY et al. v. THE TOPSY.

*(District Court, D. South Carolina. February 16, 1891.)*

1. ADMIRALTY—SEAMEN'S WAGES—COSTS—PROCTOR'S FEES.
    The fee of libelant's proctor for attending a reference in a proceeding in admiralty, not being among the fees enumerated in Rev. St. U. S. tit. 13, c. 16, than which none others are allowed to be taxed as costs under Id. § 823, cannot be so taxed.

2. SAME—TELEGRAMS.
    Where in an admiralty proceeding for seamen's wages against a foreign vessel a commissioner, in the absence of the judge from the district, heard the testimony, and issued process under Rev. St. U. S. §§ 4546, 4547, and the libelant's proctor, beginning to fear that the statute was not applicable, sent telegrams to the judge, asking him to issue or authorize his warrant of arrest, which he declined to do, such telegrams were for the convenience of the counsel, to save traveling expenses, and the money paid therefor cannot be taxed as costs, as money properly and necessarily expended.

3. SAME—COMMISSIONER'S COSTS.
    Where in admiralty proceedings for seamen's wages there were four seamen whose cause of complaint was the same, they should be joined as complainants, under Rev. St. U. S. § 4547, and the commissioner is entitled to charge for issuing, filing, and returning but one summons on the master, and for but one certificate that admiralty process should issue, though in fact he issued four summonses and made four certificates.

4. SAME—DEPOSITIONS.
    Under Rev. St. U. S. § 4547, authorizing the issue of admiralty process in proceedings for seamen's wages on the certificate of a commissioner in the absence of the

judge, the discretion of the commissioner is absolute, and he is not required to take and send up any depositions with the certificate, and he cannot charge fees for the same, to be taxed as costs.

In Admiralty.

*C. B. Northrop*, for libelants.

*H. Sinkler* and *I. N. Nathans*, for claimant.

SIMONTON, J. The question comes up on the taxation of costs by the clerk. In this taxation the clerk has allowed as part of the costs of libelant's proctor $5 for attending a reference, and as part of the disbursements $8.40 for telegrams sent by him. The clerk has also allowed the commissioner certain costs. These items are excepted to.

1. *Costs of Attending a Reference.* Section 823 of the Revised Statutes of the United States provides that no other compensation than that stated in the chapter of which it is a part be taxed and allowed to proctors in the courts of the United States. *The Baltimore*, 8 Wall. 392. This refers to taxed costs only imposed by way of penalty. It does not interfere with any charges made by the proctor against his own client, resting on usage in his state or upon special contract. Section 823, Rev. St. Nor does it exclude expenses and disbursements incurred in the suit properly allowable to the party. *The F. Merwin*, 10 Ben. 407. The charge of attending a reference, if allowable at all, must be allowed as costs. There is no authority in section 824, or in the chapter to which it belongs for such a charge. It is disallowed.

2. *Telegrams.* As to the item of $8.40 for telegrams. It seems that the amount paid for telegrams sent in the progress of a suit have been allowed when it is shown by affidavit that the money has been properly and necessarily expended. *Hussey* v. *Bradley*, 5 Blatchf. 210. In this connection see *Simpson* v. *110 Sticks*, 7 Fed. Rep. 243. In the present case, the judge being absent holding court in the western district, libelant's proctor, in a claim for seaman's wages, went before a commissioner of the circuit court, and, producing testimony, obtained his certificate that there was sufficient cause upon which to found admiralty process. Sections 4546, 4547, Rev. St. Thereupon the clerk of this court issued the warrant of arrest against the vessel. The vessel being under arrest, the proctor for libelant began to fear that these sections did not apply to the case of a foreign vessel. He then sent telegrams to the judge, who was in North Carolina, outside of the territorial limits of his district, asking him to issue or to authorize his warrant of arrest. This was done by way of precaution, to rectify what was feared might have been a blunder. The judge declined to interfere, because, under the circumstances, he had no right to do so. He was absent from the district. The commissioner had entertained jurisdiction of the case, and had acted. The vessel was already in custody. If, therefore, the proctor had attended the judge in person, and had made a formal motion, this motion would have been refused. Upon such refusal the traveling expenses of the proctor could not have been allowed to him. *Hussey* v. *Bradley, supra.* The telegrams were sent as a matter of convenience to the counsel, and

to save the traveling expenses which a personal visit would necessitate. *A fortiori*, the charge for them cannot be allowed.

3. *The Costs of the Commissioner.* The claim was for seamen's wages passed on by the commissioner under sections 4546, 4547. The last of these sections requires that all the seamen having cause of complaint of like kind shall be joined as complainants. There were four seamen whose cause of complaint was the same. The commissioner charges for issuing, filing, and returning four summonses on the master. Only one summons was necessary, and only one can be charged for. So he charges for four certificates that admiralty process should issue. Only one certificate can be charged for. He also charges 25 folios of testimony, at 20 cents, $5. The fee-bill (section 847, Rev. St.) allows 20 cents a folio for taking and certifying depositions to file. Section 4547, Rev. St., does not require the filing of any depositions; indeed, does not require the taking of any depositions. The commissioner is authorized to make inquiry, and in his discretion to send up the certificate. His discretion is absolute, and no one has the right to question it. Therefore he need not send up any testimony, and cannot charge for it.

The exceptions on the above items are sustained. In all other respects the taxation is confirmed.