### PERO v. UNITED STATES.

### SAME v. N. V. STOOMVAART MAAT-SCHAPPIJ et al.

District Court, S. D. New York.

Nov. 23, 1945.

486

Jacob Rassner, of New York City (Harry Eisenberg, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Herbert M. Lord, of New York City, of counsel), for respondent.

KNOX, District Judge.

Respondents, in this admiralty suit, served libelant's proctor with a notice of their intention to take the oral deposition de bene esse, of one J. Boer, in Los Angeles, Cal. Thereupon, libelant moved to vacate and set aside the notice, or in the alternative, direct that respondents pay libelant the sum of $50 as counsel fees in order that he may be represented at the time of Boer's examination.

■ Other than a general allegation that this action has been pending for more than two years, and that the trial, at the request of respondents, has repeatedly been adjourned, there is nothing to support the motion to set aside the notice. This relief, therefore, will be denied.

As respects libelant's alternative request, to pay to the libelant the sum of $50 as a counsel fee, this much may be said:—

By express declaration, the Federal Rules of Civil Procedure do not apply to proceedings in admiralty. Rule 81(a) (1), 28 U.S.C.A. following section 723c. The Rules of Practice in Admiralty and Maritime causes, as promulgated by the Supreme Court of the United States, make no provision for the allowance of proctor's fees to cover the expense of attending or being represented at the taking of a deposition. Congress has expressly enacted that "the following fees and no other shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, and to district attorneys, except in cases otherwise expressly provided by law." See 28 U.S.C.A. Section 571.

The following Section 572, reads in part, as follows:—"On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20: Provided, That in cases of admiralty and maritime jurisdiction, where the libellant recovers less than $50, the docket fee of his proctor shall be but $10 * * *."

■ In Pacific Mail S. S. Co. v. Iverson et al., 9 Cir., 154 F. 450, 452, 83 C.C.A. 306, the court, in denying an allowance of mileage and expenses incident to a proctor's attendance at the examination of a witness, said:—"While costs in admiralty are within the discretion of the court and may be allowed or denied on equitable considerations, the amounts and items of the costs allowable are not within the court's discretion but are fixed by statute. The court has no power to allow costs other than the statutory costs, except in cases where expense has been incurred in the conduct of the case, under the order of the court."

In Kelly et al. v. The Topsy, D.C., 45 F. 486, the court cited Sections 823 and 824 of the Revised Statutes of the United States, 28 U.S.C.A. § 548, 571, 572, 574, 579 and disallowed a proctor's fee for attending a reference, stating that the same, if allowable at all, must be allowed as costs, and concluded that there is no such authority in law for the award there requested.

In Sturgis v. The Joseph Johnson, 23 Fed.Cas. page 326, No. 13576a, the court denied a motion in an admiralty suit for proctor fees, and referring to the statutes above quoted, said:—"It forbids all taxation of cost other than those enumerated upon its face, and all discretionary allowances are prohibited in unmistakable language."

■ In recent cases in this court, and in the United States District Court for the Eastern District of New York, motions

similar to the present motion of the libelant were denied. Miguel Usatorre et al. v. M/T Victoria, etc., D.C.S.D.N.Y., 1943 A.M.C. 985, Rose Sportiello, Adm'x, v. United States etc., D.C.E.D.N.Y., 1943 A.M.C. 965. This court, nevertheless, has held otherwise in two cases, namely, Eric Linthrop v. United States, 1945 A.M.C. 913; Mervyn J. Kellum v. United States etc.,[1] District Court Clerk's File No. A. 130–386. In neither instance, however, did the judge making the decision discuss the applicable Federal Law. In my opinion, libelant's motion should be denied in its entirety.

---

[1] No opinion for publication.