## WEEL v. UNITED STATES.
### No. 17834.

District Court, E. D. New York.
Oct. 4, 1946.

O'Brien, Driscoll & Raftery, all of New York City (George A. Raftery, and John Drew, both of New York City, of counsel), for libelant.

Duncan & Mount, of New York City (Frank A. Bull and Daniel Huttenbrauck, both of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

Two companion applications by libelant seek to have vacated respondent's notices of taking depositions de bene esse of witnesses in Tennessee and California in an admiralty suit brought in this district and about to be reached for trial, or, in the alternative, that the taking of the depositions be permitted only upon the condition that the respondent pay the expenses of libelant's proctor, together with a reasonable counsel fee, for attendance at the examinations. The applications were brought on by orders to show cause which stayed the taking of the depositions until the hearing of these motions.

The libel is based upon a claim for personal injuries of a serious and permanent nature received by an engineer upon a vessel owned by respondent. Proctor for the libelant feels that it is essential to the protection of his client's rights that he should attend the examinations or be represented for the purpose of cross-examining the witnesses.

Regardless of this Court's sympathy in the matter, no authority exists which permits the relief sought. The suit is in admiralty and the taking of depositions de bene esse is authorized by Sections 863 and 864 of the Revised Statutes, 28 U.S.C.A. §§ 639, 640, but no provision is made therein for the allowance of any counsel fees or expenses incurred in attending the examination, no matter how far away it may be. Nor do the Rules of Practice in Admiralty and Maritime causes, as promulgated by the Supreme Court of the United States, 28 U.S.C.A. following section 723, make any such provision. To the extent that Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, confers any discretion upon the court to condition the taking of

 

depositions, it is rendered inapplicable in this case by Rule 81(a) (1), which states that the civil rules do not apply to a proceeding in admiralty.

No authority for the relief sought has been cited to the Court by libelant. In those cases where an allowance for the taking of depositions has been made, there was no consideration of the legal justification therefor, viz., The Fair Oaks, D.C. Wash. 1913, 205 F. 192; Linthrop v. United States,[1] S.D.N.Y., 1945 A.M.C. 913. Attention could as well be drawn to two recent instances in which applications similar to the one here involved were denied without opinion by district courts of New York, viz., Usatorre v. M/T Victoria[1], 1943 A.M.C. 985; Sportiello v. United States[1], 1943 A.M.C. 965. In The Oregon, 9 Cir., 1904, 133 F. 609, the $250 allowed was the deposition fee of $2.50 per witness regularly provided for in 28 U.S.C.A. § 572. Fees to proctors allowable as costs are expressly provided for in 29 Stat. 179, 28 U.S.C.A. §§ 571, 572. While it is well settled that the awarding or withholding of these statutory costs in admiralty is solely within the discretion of the court, it is equally established that no authority exists for the allowance of costs or counsel fees not provided for by the statute, except in cases where expenses have been incurred in the conduct of the case under an order of the court. Daniel F. Young, Inc., v. United States, D.C.N.J. 1944, 55 F.Supp. 24; Pacific Mail Steamship Co. v. Iverson, 9 Cir., 1907, 154 F. 450. The expenses which will be incurred if libelant's proctor is to attend or be represented at the examinations does not come within the exception.

The precise question here involved has received considered judicial attention recently by Judge Knox in the Southern District of New York in the case of Pero v. United States, 64 F.Supp. 485, 1945 A.M.C. 1491, and this Court will follow that determination.

The allegations of the affidavit do not evidence any unreasonable delay on the part of the respondent and no ground is offered to warrant vacating the notices. Since no authority exists for conditioning the taking of the depositions by requiring advance payment of expenses or counsel fees, the applications are denied and the stays provided for in the orders to show cause are vacated.

Settle orders on notice.