See also, D.C., 126 F.Supp. 586.

---

**STANDARD STEAMSHIP CO., Ltd., As Owner of THE S.S. QUARTETTE, Libellant,**

v.

**UNITED STATES of America, Respondent.**

**UNITED STATES of America, Cross-Libellant,**

v.

**STANDARD STEAMSHIP CO., Ltd., As Owner of THE S.S QUARTETTE, Cross-Respondent.**

No. 1705.

United States District Court, D. Delaware.

Dec. 1, 1954.

Frank O'Donnell (of Berl Potter & Anderson), Wilmington, Del., Francis J. O'Brien (of Zock & Petrie), New York City, for libellant and cross-respondent.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., David C. Wood, Atty., Dept. of Justice, Washington, D. C., for the United States.

LEAHY, Chief Judge.

Libellant and cross-respondent, Standard Steamship Co., Ltd., moves to vacate a notice by respondent and cross-libellant of taking the examination of a witness, Christoforas Catsambis, for purposes of "discovery". On October 27, 28, Catsambis was examined by the Government *de bene esse* as a witness. The Government throughout its brief refers to Catsambis as a party. In its notice of the examination for deposition it is clear Catsambis was to be examined as a witness. The sole inquiry on the present motion presents the question whether a party in admiralty, without a court order for exceptional cause shown, can notice

the deposition of a witness for purpose of discovery absent a local admiralty rule. There are no local admiralty rules for this District.

Practice governing depositions in admiralty have for more than a decade not been uniform.

1. In 1939 the Supreme Court, formulating new admiralty rules, adopted certain civil rules. Rules for production, physical examinations, and interrogatories to parties were borrowed from the Federal Rules of Civil Procedure, 28 U. S.C., *in haec verba*. F.R. 26 providing for discovery depositions of parties and witnesses were not adopted. But conflict arose in interpretation of A.R. 32C (which is identical with F.R. 37(a)). Both deal with penalties in event of refusal by a party to answer questions upon oral examination. One line of cases, e. g., Brown v. Isthmian S. S. Co., D.C. E.D.Pa., 79 F.Supp. 701, held the Supreme Court, by promulgating A.R. 32C, could not have intended a remedy to enforce a right which did not exist. From this, Judge Kirkpatrick held an oral examination of a *party* was available in admiralty. In the other line of cases, e. g., Mulligan v. United States, D.C.S.D.N.Y.,

87 F.Supp. 79, Judge Rifkind concluded A.R. 32C related only to deposition examinations permissible under the *de bene esse* statutes.[1] 28 U.S.C. § 639. It was held A.R. 32C did not authorize oral examination of an adverse party. Mercado v. United States, 2 Cir., 184 F.2d 24, followed Mulligan on the ground a lower court had no inherent power to reform directly the admiralty rules. Neither the cases discussed, nor any other case found, dealt with the question of witnesses being examined by deposition for discovery purposes. I shall not pause to discuss my views on the power of a district court to promulgate a local rule in admiralty in a field which the Supreme Court has so far not decided to enter,[2] even though A.R. 44 of the Supreme Court states district courts may formulate rules governing admiralty practice in cases "not provided for by these rules or by statute".

■■ 2. Absent a local rule, depositions in admiralty are taken *de bene esse* under statutory authority. See R.S. §§ 863, 864, 865; in the pre-revised Code §§ 639–641; though not repealed, they were not carried forward into the new Judicial Code; nevertheless, they are still in affect under 28 U.S.C., ch. 117, note.

---

1. This is based on the view, while the Court imputes a different meaning to the rule in admiralty than exists in the civil side of the Court, such a judicial construction should be upheld rather than allege the revisors of the rules were in error or careless.

2. Some courts have adopted local rules regulating admiralty deposition procedure. See, E.D.N.Y. Admiralty Rule 32:

"(Eastern District) (a) The taking and use of depositions of witnesses within the United States shall be governed as provided in Sections 863 to 865, inclusive, Revised Statutes (former Sections 639 to 641, inclusive, Title 28, United States Code.

"(b) The taking and use of depositions of adverse parties is authorized, and shall conform to the Federal Rules of Civil Procedure to the extent not specially provided for in the Supreme Court Admiralty Rules. A deposition of an adverse party so taken shall not be admissible in evidence at a trial in admiralty when sought to be offered as a deposi-

tion of a witness unless the taking and offering thereof also meets the requirements of Sections 863 to 865 inclusive, Revised Statutes (former Sections 639 to 641 inclusive, Title 28, United States Code), but this proviso shall not prevent the use of such a deposition, or parts thereof, for the purpose of impeaching or contradicting the testimony of the deponent as a witness, or otherwise as may be permitted by the rules of evidence."

3. See Mercado v. United States, supra. And FR 81(a) (1) states: "These rules do not apply to proceedings in admiralty."

4. The Government has a long analysis of cases decided prior to the Mercado and Dowling cases. Judge Fee in Dowling noted all these cases are not in point ("These decisions will not be considered"). His footnote 44 reviews cases involving whether A.R. 32C permits oral depositions in admiralty. Of his 12 cited cases, the Government uses 10 in its brief. None deal with depositions of witnesses.

Statutory provisions and not the Federal Rules of Civil Procedure, would seem to govern admiralty depositions.[3] Standard thus objects to the notice of examination because the only permissible depositions of witnesses are *de bene esse.*

■■■ 3. The master case of this circuit on inherent procedural power of a district court in admiralty is Dowling v. Isthmian S. S. Co., 3 Cir., 184 F.2d 758, 761. There, Judge Fee's scholarly opinion traces historically the progress of admiralty procedure and depositions.[4] Libellant there failed to appear for oral examination pursuant to a court order and for failure judgment was entered against the party. The precise inquiry was: "The chief question is whether a federal court, sitting in admiralty, has the power to compel a party orally to answer questions regarding matters involved in a libel filed therein?". The question was not whether a party or a witness could be examined for purposes of discovery. Judge Fee wrote:

"*The question of whether discovery can be obtained from a party, although debated, is really not raised, since libellant refused to testify at all. The question of whether witnesses can be examined by deposition is not strictly relevant, since examination of a party is sought. The question of whether the testimony of a party by oral deposition, rather than by written interrogation, can be taken alone is involved. Finally, what may be done under the Admiralty Rules does not necessarily come before us, since here the party was directed to answer by order of court.*" (Italics added.) and concluded by stating:

"Through the whole course of history, admiralty judges have required special circumstances for discovery and have imposed severe limitations upon its scope and content. The protection of essential reticences of a party or of his privacy has always been maintained.

"*Presently, as has been insistently pointed out, no such problem as to scope of examination is presented. The libellant did not object to giving testimony at all because discovery was sought. The only question is whether a party is bound to submit to oral examination before trial upon any feature when ordered to do so by the court.* Even without this elaborate review, the answer is plain.

"*It is not intended by this discussion to say or even to intimate that such an order should be adopted in any particular case or that discovery should ever be allowed. The matter should be left to the determination of the admiralty judge.*" (Italics added.)

Mercado and Dowling are in harmony. Mercado decided oral discovery deposition of a party is not as of course and by notice in an admiralty action; it did not treat the point whether an admiralty court had power to order an oral discovery deposition of a party. Both cases adhere to the principle of freedom of discovery as the essence of any jural enlightened procedure. Judge Fee wrote in Dowling orders for oral discovery of a party would be entered after the movant had shown special circumstances or a fact situation warranting such an order. Dowling does not state a witness may be examined in admiralty simply on notice without a showing of good cause or special circumstances. The Dowling case did not authorize discovery depositions of either parties or witnesses in admiralty by notice; and it made no attempt to disturb prior practice, i. e., the only means by which party can examine a witness is under *de bene esse* statutes, none of which make provision for the discovery deposition of a witness.

I conclude the notice of examination of the witness Christoforas Catsambis in that its purpose is for discovery should be vacated.