STANDARD STEAMSHIP CO., Ltd., As
Owner of THE S.S. QUARTETTE,
Libellant,

v.

UNITED STATES of America,
Respondent.

UNITED STATES of America,
Cross-Libellant,

v.

STANDARD STEAMSHIP CO., Ltd., As
Owner of THE S.S. QUARTETTE,
Cross-Respondent.

No. 1705.

United States District Court,
D. Delaware.

Dec. 1, 1954.

Frank O'Donnell (of Berl, Potter & Anderson), Wilmington, Del., Francis J. O'Brien (of Zock & Petrie), New York City, for libellant and cross-respondent.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., David C. Wood, Atty., Dept. of Justice, Washington, D. C., for the United States.

LEAHY, Chief Judge.

Libellant and cross-respondent, Standard Steamship Co., Ltd., gave notice to take depositions of various witnesses *de bene esse* in Honolulu, Hawaii. The Government, respondent and cross-libellant, seeks to condition the notice for examination and asks for a protective order providing Standard pay travel expenses to enable Government counsel to attend the depositions in Hawaii. Standard gave its notice under 28 U.S.C. § 639.[1]

---

1. "§ 639.
   "Depositions de bene esse; when and where taken; notice.
   "The testimony of any witness may be taken in any civil cause depending in a district court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than

1. In common law and equity actions the Federal Rules of Civil Procedure, 28 U.S.C., supersede the provisions of 28 U.S.C. § 639 et seq. But the statutory provisions have not been superseded by rule in admiralty actions and still regulate depositions *de bene esse*. Mercado v. United States, 2 Cir., 184 F. 2d 24. In admiralty, depositions are taken only *de bene esse* and not, for example, for discovery. See Standard Steamship Co., Ltd. v. United States, D.C.Del., 126 F.Supp. 583, decided this day. Under the Federal Rules of Civil Procedure an oral examination may be had at a distant place, and there are provisions for prepayment of an opponent's expenses in attendance. In admiralty, when depositions are taken *de bene esse* opponent attends at his own expense. Jackson v. United States, D.C.S.D.N.Y., 1947, A.M. C. 1368; Benedict on Admiralty, Vol. 3, p. 50; and an admiralty court has no power to condition an order for depositions at a distant place on payment of counsel fees and traveling expenses to an adverse party. While there appears some hesitant debate on this proposition, the contra cases lack clear articulation. So, I follow Pero v. United States, D.C. S.D.N.Y., 64 F.Supp. 485; Weel v. United States, D.C.E.D.N.Y., 68 F.Supp. 138. In Pacific Mail Steamship Co. v. Iverson, 9 Cir., 154 F. 450, 452, a proctor's transportation and expenses from Honolulu to San Francisco to attend taking of depositions were rejected as an item of costs. The Court said: "While costs in admiralty are within the discretion of the court and may be allowed or denied on equitable considerations, the amounts and items of the costs allowable are not within the court's discretion but are fixed by statute. The court has no power to allow costs other than the statutory costs, except in cases where expense has been incurred in the conduct of the case, under the order of the court. Jacobsen v. Lewis Klondike Expedition Co., 9 Cir., 112 F. 73, 50 C.C.A. 121; Simpson v. 110 Sticks of Hewn Timber (D.C.), 7 F. 243; Dennis v. Eddy, 12 Blatchf. 195, Fed.Cas.No. 3,793. As there is no statutory provision for the allowance of mileage as taxed in the court below, the decree is as to that item reversed."

2. There is a suggestion depositions *de bene esse* may not be taken in a foreign land. Libellant concedes this. But, included in the United States are its territories and possessions, i. e., Hawaii, Alaska, the Canal Zone, etc. The laws of the United States have effect there.[2]

3. There are proposals in the literature the admiralty rules on discovery and other procedures should conform in alignment with the Federal Rules of Civil Procedure; see Standard Steamship Co., Ltd. v. United States, supra; Mercado v. United States, supra; but no formal change has been adopted to date. Suggested changes have been advanced by the Committee on Supreme Court Admiralty Rules of the Maritime Law Association of the United States by a proposed revision of the Supreme Court Admiralty Rules and the proposed revision has been approved by the Admiralty Committee of the American Bar Association. The proposals are now under the consideration of the present Chief Justice. Under the proposal (p. 3641) is the suggestion:

"FRCP Rule 30(b): The payment of counsel fees or travelling expenses to any of the parties served with a notice of taking a deposition may not be imposed as a condition of taking a deposition within the United States."

one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient and infirm." 28 U.S.C.A. note preceding § 1781.

§ 639 was not repealed by the Act of June 25, 1948, revising Title 28, although the section does not appear in the revised Title. See Benedict on Admiralty, Vol. 3, 1952 Pocket Part, p. 16.

2. 48 U.S.C.A. § 495.

To this proposed rule is to be found the following footnote.

"14 Taking of depositions at a distance is common to admiralty cases and this expense is considered a normal cost of litigation. Controversy over payment of counsel fees and travelling expenses may result in delay and possible loss of a mariner's testimony."

The Government's motion for a protective order for payment of its counsel's expenses for the depositions noticed in Honolulu, is denied.