Spyros MOLINOS, Libellant,

v.

The RIO GRANDE, her boats, engines, tackle, apparel, etc., Michael Katsoulis, a non-resident, as Master, Rio Grande Compania Naviera, S. A. and Rethymnis and Kulukundis, Ltd., both foreign corporations or associations, as owners and/or operators of the Panamanian S.S. Rio Grande, and Stefanos Mitarakis, a non-resident, as Chief Mate of the Panamanian S.S. Rio Grande, and as agent of the other named respondents, Respondents.

No. 197.

United States District Court, E. D. Virginia, Newport News Division.

Feb. 25, 1955.

Morewitz & Morewitz, Newport News, Va., for plaintiff.

Vandeventer, Black & Meredith, Braden Vandeventer, Jr., Norfolk, Va., for respondents.

HOFFMAN, District Judge.

The primary question involved in this stage of the proceeding in this action involving essentially a seaman's claim for wages and overtime under the Labor Code of Panama in which the respondents allege that the seaman libellant deserted the vessel and hence the earned wages are forfeited under the Panamanian Law is as follows:

Where the respondents (shipowner) seek to take a deposition *de bene esse* in New York, should proctors for libellant (seaman) be allowed expenses incident to attending a deposition as a condition

precedent to the taking of such deposition and, if not, may the Court enter a protective order limiting the scope of such deposition?

By reason of the relationship between the shipowner and seaman, the matter is of some importance. It is a well settled rule of law that a seaman is a ward of admiralty and his rights should be protected by the courts. Shipping interests could effectively defeat legitimate wage claims by merely serving a notice to take depositions *de bene esse* in a city or country so far removed from the pending litigation as to render it impracticable for libellant or his proctor to attend and refute the evidence submitted by way of deposition.

██ There are two provisions of the Rules of the United States District Court for the Eastern District of Virginia (July, 1954) which are pertinent. Local Admiralty Rule 24 provides as follows:

"Any step in admiralty practice and procedure, (including the taking of testimony within the United States or in any foreign country) whether before the court, a master or commissioner, which is not prescribed by statute, by the rules promulgated by the Supreme Court, or in these rules, and left by the admiralty practice to follow the procedure of the common law, in equity or at law, shall be taken, and proceeded with, in the same manner as it would be done under the Federal Rules of Civil Procedure if said Rules were applicable in admiralty".

Local Rule 21(3) contains, in substance, the following language:

"If either side causes unnecessary expense the court may, in its discretion, order such unnecessary expense to be taxed against the side or party, or personally against any attorney, causing the same, without regard to the outcome of the action".

Irrespective of the wording in Rule 46 of the Admiralty Rules promulgated by the Supreme Court, 28 U.S.C.A., the right to take depositions *de bene esse* is generally conceded and universally accepted. Moreover, Local Admiralty Rule 21 makes specific reference to depositions in such cases. Former sections 639–641 of Title 28 U.S.C.A.,[1] have not been repealed and the use of depositions apparently remains the same. Application of A. Pellegrino & Son, D.C.N.Y.1950, 11 F.R.D. 209; Mercado v. United States, 2 Cir., 184 F.2d 24, 1950 A.M.C. 1614. It will be noted that Rule 47 of the Supreme Court Admiralty Rules prohibits the taxation of costs of the traveling expenses of any witness for more than 100 miles. Certainly the Supreme Court did not intend to abolish the right to take depositions in light of this Rule.

██ The respondents herein must carry the ultimate burden of proving that libellant was a deserter and has, therefore, forfeited his right to wages under the Panamanian Law. This is not a case involving simply a claim for wages with the necessary accounting. This Court has repeatedly held that factual information relating to a seaman's wages, vacation pay, and overtime, should be produced by the shipowner on answers to interrogatories propounded by the seaman. There is no need to take depositions *de bene esse* for this purpose only, and such an attempt on the part of the shipowner should require the application of Local Rule 21(3) referring to the assessment of unnecessary expense as a part of the taxable costs without regard to the outcome of the action.

██ Libellant urges that Local Rule 24 effectively permits, in the discretion of the court, the allowance of expenses as provided under Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It was not the intention of this District, in promulgating Local Rule 24, to create or increase any substantive rights. The Rule is simply to aid procedure.

██ It is true that some Federal Courts have adopted local rules granting,

---

1. 28 U.S.C.A. note preceding section 1781.

in the discretion of the Court, expenses and counsel fees for attendance in taking depositions beyond the customary limit of 100 miles. This may well be a proper exercise of the court's authority to adopt such a rule, but it does not exist in this District. Such a practice has existed in the Southern District of New York. Linthrop v. United States, 1945 A.M.C. 913. As Rule 81(a) (1) of the Federal Rules of Civil Procedure expressly states that the civil rules do not apply to proceedings in admiralty, it follows that, in the absence of a Local Admiralty Rule permitting expenses and counsel fees as a condition to taking depositions *de bene esse*, the right does not exist to require the prepayment of such expenses. Pero v. United States, D.C., 64 F.Supp. 485; Weel v. United States, D.C., 68 F.Supp. 138; Pacific Mail S. S. Co. v. Iverson, 9 Cir., 154 F. 450; Jackson v. United States, 1947 A.M.C. 1368; 3 Benedict on Admiralty, § 390, p. 49. This Court, speaking through Judge Bryan, has heretofore expressed doubt if the right ever existed. Keenan v. United States, 1953 A.M.C. 574.

There is little doubt that the discretionary right exists in civil cases. Gibson v. International Freighting Corp., 3 Cir., 173 F.2d 591, certiorari denied 338 U.S. 832, 70 S.Ct. 78, 94 L.Ed. 507, rehearing denied 338 U.S. 882, 70 S.Ct. 157, 94 L.Ed. 541. Nevertheless, in the opinion of this Court the discretion should be exercised with caution.

While there is some authority to the contrary, it is not the belief of this Court that 28 U.S.C.A. § 1925, prohibits the right to tax as costs any unnecessary expense as provided by Local Rule 21(3), or as set forth in 28 U.S.C.A. § 1927. Should the respondents herein desire to take the deposition *de bene esse* of a witness in New York directly dealing with the allegations of desertion, this would not be deemed an unnecessary expense. If the evidence of this witness reveals that the purpose of the deposition is solely to prove factual information relating to wages, vacation pay, and overtime—all of which has been requested by libellant in interrogatories propounded—the respondents will then subject themselves to the imposition of Local Rule 21(3). Since the wording of Local Rule 24 governs procedure, it would appear that a protective order as provided by Rule 30 of the Federal Rules of Civil Procedure may be imposed conditioned that the substantive rights of the parties as restricted by admiralty rules and procedure are not created or increased. Proctors for respondents will submit in writing a statement as to what it is generally expected to be shown by the deposition in question and the Court will thereupon enter an order limiting the scope of the examination as herein indicated.