**PRUDENTIAL STEAMSHIP CORPORA-TION, in its own behalf and as owner of THE SS NEWBERRY VICTORY**

v.

**The CURTIS BAY TOWING COMPANY.**

**No. 3859.**

United States District Court
D. Maryland, Admiralty Division.
May 9, 1957.

Robert H. Williams, Jr., Baltimore, Md., and Stapleton, Flynn & Lilly, New York City, proctors for libelant.

Lord, Whip & Coughlan, Baltimore, Md., and Burlingham, Hupper & Kennedy, New York City, proctors for respondent.

THOMSEN, Chief Judge.

Respondent has moved to vacate libelant's notice to take pretrial depositions of the master, mate, engineer and two deck hands of the tug "Cove Point", for the purpose of discovery. The collision out of which this suit in admiralty arose occurred while that tug was helping to undock libelant's steamship "Newberry Victory" in Baltimore harbor, and the master of the tug was allegedly on the ship, directing her maneuvers, leaving the mate in charge of the tug. The suit was filed in the Southern District of New York, and was removed here at the request of respondent, for its convenience.

The taking and use of depositions in admiralty are fully discussed in Mercado v. United States, 2 Cir., 184 F.2d 24, and Dowling v. Isthmian S. S. Corp., 3 Cir., 184 F.2d 758. The discovery aspect of the problem is reviewed in Standard Steamship Co. v. United States, D.C.D.Del., 126 F.Supp. 583. The general principles which should guide an admiralty judge in approaching such problems were well stated by Judge Woolsey in The Cleona, D.C.S.D.N.Y., 37 F.2d 599. I conclude that oral discovery depositions may not be taken as of course and by notice in admiralty, at least in the absence of some rule; but that an admiralty court may order oral depositions for discovery if the movant shows special circumstances or a fact situation warranting such an order. The unreported opinion of Judge Chesnut in Accinanto, Ltd., v. Cosmopolitan Shipping Co., (The Ocean Liberty) No. 3028 in this court, is not to the contrary. The use which may be made of such a deposition is not before me at this time.

The relationship between the tug and the ship in this case was such that the interests of justice require some appropriate means by which libelant can learn before trial what the master, mate, and crew of the tug know about the collision. Oral depositions, taken when they will not unduly interfere with respondent's operations, are an appropriate method. The rule and practice in the Southern District of New York, where the suit was originally filed, sanction such depositions. Application of A. Pellegrino & Son, D.C.S.D.N.Y., 11 F.R.D. 209.

Respondent's motion to vacate libelant's notice to take pretrial depositions is granted, but I will enter an order providing for the taking of depositions at such times and upon such conditions with respect to costs and expenses as counsel may agree upon, or as may be fixed by the court if counsel cannot agree.

I have requested a committee of the bar to consider and recommend to this court what if any local rules with respect to depositions and discovery should be adopted.