382

**Margaret Agnes HELGESEN**

v.

**UNITED STATES.**

**No. 63 Ad. 1048.**

United States District Court
S. D. New York.

May 7, 1966.

Sheldon Tabak, New York City, for libelant. T. Lawrence Tabak, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., New York City, for respondent. Louis E. Greco, Philip A. Berns, Admiralty and Shipping Section Dept. of Justice, New York City, of counsel.

McLEAN, District Judge.

This is a suit in admiralty for the wrongful death of plaintiff's intestate. Libellant moves to vacate respondent's notice of the taking of the deposition of a witness in San Francisco, California, on May 12, 1966, or in the alternative, for an order requiring respondent to pay the transportation expenses of libellant's proctor from New York to San Francisco and return.

■ The deposition is to be taken *de bene esse*, pursuant to Sections 863, 864 and 865 of the Revised Statutes which still apply to the taking of depositions in admiralty. Libellant has advanced no valid reason for vacating the notice.

■ As to expenses, the clear preponderance of authority is to the effect that in admiralty, the court has no power to attach such a condition to the taking of a deposition *de bene esse*. Pero v. United States, 64 F.Supp. 485 (S.D.N.Y.1945); Weel v. United States, 68 F.Supp. 138 (E. D.N.Y.1946); Jackson v. United States, 1947 Am.Mar.Cas. 1368 (S.D.N.Y.1947); Standard Steamship Co. v. United States, 126 F.Supp. 586 (D.Del.1954); 3 Benedict, Admiralty (6th ed. 1940) p. 50.

Two brief decisions to the contrary in Linthrop v. United States, 1945 Am.Mar. Cas. 913 (S.D.N.Y.1945) and Kellum v. United States, S.D.N.Y. unreported, have not been followed.

Rule 5 of the Civil Rules of this court appears to relate only to depositions taken under the Federal Rules of Civil Procedure, which do not apply in admiralty.

The court regretfully concludes that this motion must be denied in its entirety. So ordered.